UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT JACOBSON,<br><br>    Plaintiff,<br><br>    vs.<br><br>FIRST FRANKLIN FINANCIAL CORP., et al.,<br><br>    Defendants. | Case No: C 10-01183 SBA<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff, who is proceeding pro se, filed the instant action on March 22, 2010, alleging the following claims against Defendants, arising from Plaintiff's attempt to refinance certain real property: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) breach of fiduciary duty, (4) fraud, fraudulent concealment and deceit, (5) unjust enrichment and imposition of constructive trust, and (6) injunctive relief.  Compl. ¶¶ 9-13, 26-53.  In his Complaint, Plaintiff asserts that this Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, "based on federal issues." Id. ¶ 1.  However, none of Plaintiff's enumerated causes of action states a federal claim.  While Plaintiff asserts in his Complaint that "[t]o date, there has been no sufficient response to Plaintiff's Qualified Written Requests for information or documentation under RESPA [the Real Estate Settlement Procedures Act], 12 U.S.C. § 2605 et seq.," Plaintiff does not include in his Complaint a specific cause of action under RESPA.

Under 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Thus, "[f]ederal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  It is "presume[d] that federal courts lack jurisdiction unless

the contrary appears affirmatively from the record ….." <u>DaimlerChrysler Corp. v. Cuno</u>, 547 U.S. 332, 342 n.3 (2006).  Where the "law that creates the cause of action is state law," "original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." <u>Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California</u>, 463 U.S. 1, 13 (1983); <u>see also</u> <u>Berg v. Leason</u>, 32 F.3d 422, 425 (9th Cir. 1994) ("[a] suit arises under the law that creates the cause of action.") (quoting <u>American Well Works Co. v. Layne & Bowler Co.</u>, 241 U.S. 257, 260 (1916)).  A district court may dismiss an action sua sponte for lack of subject matter jurisdiction.  <u>Franklin v. State of Or., State Welfare Division</u>, 662 F.2d 1337, 1342 (9th Cir. 1981).

As indicated, it is not clear from the face of Plaintiff's complaint that federal question jurisdiction is present.  Specifically, it does not appear from his Complaint that a substantial, disputed question of federal law is a necessary element of any of his state law claims, or that any of his state law claims is "really" one of federal law.  Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff shall show cause why the Court should not dismiss the action, without prejudice, for failure to state a federal claim.  Plaintiff shall respond to this Order in writing within fourteen (14) days of the date this Order is filed.  Failure to timely respond to this Order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: October_12_, 2010

                                        _____
                                        SAUNDRA BROWN ARMSTRONG
                                        United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JACOBSEN et al,

       Plaintiff,

  v.

FIRST FRANKLIN FINANCIAL
CORPORATION et al,

       Defendant.
                                     /

Case Number: CV10-01183 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 12, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Jacobsen
P.O. Box 1386
Lafayette, CA 94549

Robert Edwin Jacobsen
1054 Vista Bella
Lafayette, CA 94549

Dated: October 12, 2010
                                      Richard W. Wieking, Clerk
                                         By: LISA R CLARK, Deputy Clerk