UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT JACOBSON,<br><br>    Plaintiff,<br><br>vs.<br><br>FIRST FRANKLIN FINANCIAL CORP., et al.,<br><br>    Defendants. | Case No: C 10-01183 SBA<br><br>**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiff, who is proceeding pro se, filed the instant action on March 22, 2010, alleging the following claims against Defendants, arising from Plaintiff's attempt to refinance certain real property: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) breach of fiduciary duty, (4) fraud, fraudulent concealment and deceit, (5) unjust enrichment and imposition of constructive trust, and (6) injunctive relief.   Compl. ¶¶ 9-13, 26-53. In his Complaint, Plaintiff asserts that this Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, "based on federal issues." Id. ¶ 1.  However, none of Plaintiff's enumerated causes of action states a federal claim.  Therefore, on October 12, 2010, the Court issued an Order to Show Cause ("OSC") as to why the action should not be dismissed for lack of subject matter jurisdiction.  Dkt. 31.

Plaintiff filed a timely response to the OSC on October 29, 2010.  Dkt 32.  In that response, Plaintiff does not assert that his action, as currently pled, supports federal question jurisdiction.  Rather, Plaintiff requests that he be granted leave to amend his complaint to include federal claims, including "one or more claims under the Real Estate Settlement Procedures Act ('RESPA'), 12 U.S.C. secs. 2601-2617." Id. at 1.  However, "[i]n determining federal court jurisdiction, we look to the original, rather than the amended, complaint." Morongo Band of Mission Indians, 858 F.2d 1376, 1380 (9th Cir. 1988).  "Subject matter

1  jurisdiction must exist as of the time the action is commenced." Id.; see also Venoya v.
2  Remmert, 2007 WL 1655628, at *2 (N. D. Cal. June 7, 2007) ("federal question jurisdiction is
3  determined from the face of the complaint at the time the complaint is filed unaided by answer,
4  not upon a possible or conjectural controversy that appears in the future after the complaint is
5  filed"). Therefore, the jurisdictional defect in this action cannot be cured by Plaintiff's filing of
6  an amended complaint asserting one or more federal claims. Accordingly,
7       IT IS HEREBY ORDERED THAT this action is DISMISSED, without prejudice and
8  without leave to amend, for lack of subject matter jurisdiction. Plaintiff is advised that,
9  because this dismissal is without prejudice, he may pursue his claims by filing an action in a
10 court of competent jurisdiction. The Clerk shall close the file and terminate all pending
11 matters.
12      IT IS SO ORDERED.
13 Dated: November 8, 2010                    _____
14                                             SAUNDRA BROWN ARMSTRONG
                                               United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JACOBSEN et al,

        Plaintiff,

  v.

FIRST FRANKLIN FINANCIAL
CORPORATION et al,

        Defendant.
                                            /

Case Number: CV10-01183 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 9, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Jacobsen
P.O. Box 1386
Lafayette, CA 94549

Robert Edwin Jacobsen
1054 Vista Bella
Lafayette, CA 94549

Dated: November 9, 2010
                                      Richard W. Wieking, Clerk

                                            By: LISA R CLARK, Deputy Clerk